*142 Opinion op the Court,
by Judge Owsley.
THIS writ of error is prosecuted to- reverse a decree for six thousand dollars, and costs, pronounced against Davis and Campbell, in a suit brought against them by the heirs of William Gleaves, deceased.
The object of the bill which was exhibited by the heirs, is to obtain the specific execution of a contract made by their ancestor with Davis and Campbell, for the purchase of a tract of land. Davis and Campbell failed to answer, and an interlocutory decree was pronounced, taking the bill for confessed, and ordering them, against a specified time, to convey the land to the heirs, or on their failure to do so, that they should, at the next term of the court, exhibit their title to the court.
This interlocutory decree not having been performed by Davis and Campbell, an order was subsequently made by the court, directing a jury forthwith to be empannelled, to enquire into the truth of the allegations of the bill. A jury was accordingly empannelled, and as the record suggests, sworn the truth upon the premises to speak, and after hearing the evidence as to the value of the land and the improvements thereon, assessed the *143 same to six thousand dollars; and the court thereupon pronounced a' final decree against Davis and Campbell.
In thus pronouncing a decree for the amount assessed by the jury, the court most unquestionably erred. Were it even conceded that the case made out by the complainants in the court below entitles them to pensation, it was undoubtedly not within the of a jury raised under the order of the court, to enquire into the truth of the allegations of the bill, to assess the value of the land and improvements, and consequently the assessment so made, should not have been adopted by the court as the criterion of compensation. But we do not admit that there exists any thing in the record which can justify a decree in favor of the complainants for compensation. It is true, the bill alleges the failure of Davis and Campbell to convey the land according to their contract with the ancestor of the complainants, and that circumstance might have authorised a recovery of damages in an action at law upon the contract; but it is not every case where damages may be recovered at law upon a contract for the sale of land, that compensation will be decreed in a court of equity. Questions of damages fall properly within the cognizance of a court of law, •and to that court a purchaser should always be left to resort to recover damages upon his contract of purchase, unless, under particular circumstances, an application to a court of equity would more likely produce inore perfect and complete justice. In this case, however, the object of the bill is not to recover compensation for the failure of Davis and Campbell to perform their contract. The object of the bill, which contains a specific prayer for that purpose, is to obtain a specific execution of the contract, and we are utterly incapable of conceiving the propriety, after taking the bill for confessed, of decreeing compensation, instead of a specific execution of the contract.
If the bill contained any suggestions as to the title of Davis and Campbell being doubtful, and had been shaped with an aspect either to obtain a specific execution of the contract or damages, there might have been a propriety in requiring them to exhibit their title, and upon their failing to do so, to have decreed compensation to the complainants. But the bill contains no such suggestions, and of course the failure of Davis and *144 Campbell to exhibit their title, cannot have justified tj,e cour(; jn decreeing compensation.
The decree must be reversed with costs, the cause remanded to the court below, and a decree there entered, ordering a specific execution of the contract, and such further orders there made, as may be consistent with the principles of equity and necessary to effectuate the decree.